UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 21-155 |
| v. | * | SECTION: L |
| DEVIN HEBERT | * | |

* * *

## FACTUAL BASIS

The United States and defendant **DEVIN HEBERT** ("**HEBERT**") stipulate and agree that the below facts are true and that they would have been proven beyond a reasonable doubt had this matter proceeded to trial. The United States and **HEBERT** further stipulate and agree that these facts provide a sufficient basis for a plea of guilty to the charge that **HEBERT**, not being lawfully entitled a certificate, license, and document issued to officers and seamen by any officer and employee of the United States authorized by law to issue the same, did receive and possess said certificate, license, and document, with intent unlawfully to use said certificate, license, and document, in violation of the first paragraph of Title 18, United States Code, Section 2197. The below facts are offered for the purpose of establishing a sufficient factual basis to support the guilty plea and therefore do not necessarily describe all the details of the offense or **HEBERT**'s complete knowledge of the offense.

A.  **At all times relevant herein:**

Federal statutes and regulations ("federal law") authorized the United States Coast Guard ("USCG") to issue merchant mariner credentials ("MMCs") and related endorsements. Under federal law, all mariners employed aboard United States merchant vessels greater than 100 gross registered tonnage, with a few limited exceptions, were required to have valid MMCs. Furthermore, to serve in various positions, federal law required mariners to have particular

AUSA _C_ _M_
Defendant _DH_
Defense Counsel _GG_

endorsements added to their MMCs. Consequently, an MMC and each endorsement to an MMC each constituted a "certificate, license, or document," as described in Title 18, United States Code, Section 2197.

Endorsements determined what position mariners could work, on what kind of vessels, and in what waters. The presence of an endorsement on an MMC indicated that the mariner was qualified to serve in the specified capacity and that he had met all legal requirements for that endorsement. Federal law prohibited a mariner from serving in a position for which he lacked the required endorsement. Similarly, federal law prohibited a business from employing a mariner in a position for which he lacked the required endorsement.

In order to obtain an MMC, a mariner was required to meet various requirements and to take an oath, promising to faithfully and honestly perform all the duties required by the laws of the United States. For many endorsements, federal law required mariners to pass USCG-administered examinations. These examinations tested mariners' knowledge and training to safely operate under the authority of the endorsements. The examinations, which typically consisted of numerous separately-graded modules, were administered at USCG regional exam centers. One such regional exam center, known as REC New Orleans, was located in the Eastern District of Louisiana. USCG employees at the regional exam centers entered the scores into a computer system used to manage the issuance of credentials to mariners and to process applications for MMCs and endorsements.

In some situations, passing an examination for one endorsement could enable a mariner to obtain one or more additional endorsements. This could occur, for example, if the examination fulfilled a requirement for an additional endorsement or if obtaining the tested for endorsement fulfilled a requirement for an additional endorsement.

2

AUSA _C M_
Defendant _DH_
Defense Counsel _TG_

**B.     HEBERT received, possessed, and intended to use endorsements to which he was not lawfully entitled**

HEBERT was a mariner who sought to add what is known as a Third Mate Unlimited Oceans endorsement to his MMC. As HEBERT knew, in order to lawfully obtain this endorsement, he was required to pass a specific examination at a regional exam center.

Beverly McCrary ("McCrary") was a USCG employee at REC New Orleans. McCrary informed HEBERT that McCrary could, in exchange for money and things of value, arrange for mariners to receive false passing examination scores at REC New Orleans.

In or about April 2015, HEBERT formed an agreement with McCrary in which HEBERT gave McCrary a cooler of shrimp with a total retail value in excess of $1,000 in exchange for McCrary arranging for another USCG employee at REC New Orleans to falsely report that HEBERT had passed the examination required for a Third Mate Unlimited Oceans endorsement. Pursuant to this agreement, HEBERT paid McCrary a sum of money.

As a result of HEBERT's conduct, on or about April 22, 2015, a USCG employee at REC New Orleans falsely reported in a USCG computer system that HEBERT had passed the examination associated with his application for a Third Mate Unlimited Oceans endorsement. As HEBERT knew, this false report was made in furtherance of, and was essential to, his receipt of the endorsement. As HEBERT knew, he had not passed the examination and, therefore, was not lawfully entitled to the endorsement. As a result of HEBERT so intentionally causing the USCG examiner to make this false entry, the USCG issued HEBERT a Third Mate Unlimited Oceans endorsement.

HEBERT later sought to add what is known as a Chief Mate Unlimited Oceans endorsement to his MMC. As HEBERT knew, in order to lawfully obtain this endorsement, he

3



AUSA _C M_
Defendant _DH_
Defense Counsel _VG_

was required to pass a specific examination at a regional exam center. In or about March 2018, **HEBERT** formed an agreement with McCrary in which **HEBERT** gave McCrary a cooler of shrimp and a sum of money in exchange for McCrary arranging for another USCG employee at REC New Orleans to falsely report that **HEBERT** had passed the examination required for a Chief Mate Unlimited Oceans endorsement. Pursuant to this agreement, **HEBERT** paid McCrary a sum of money.

As a result of **HEBERT**'s conduct, on or March 23, 2018, a USCG employee at REC New Orleans falsely reported in a USCG computer system that **HEBERT** had passed the examination associated with his application for a Chief Mate Unlimited Oceans endorsement. As **HEBERT** knew, this false report was made in furtherance of, and was essential to, his receipt of the endorsement. As **HEBERT** knew, he had not passed the examination and, therefore, was not lawfully entitled to the endorsement. As a result of **HEBERT** so intentionally causing the USCG examiner to make this false entry, the USCG issued **HEBERT** a Chief Mate Unlimited Oceans endorsement.

The aforementioned endorsements, to which **HEBERT** was not lawfully entitled, authorized **HEBERT** to, among other things, serve as chief mate of vessels of any tonnage in any waters. The chief mate of a vessel is the officer in charge of the deck department. The chief mate typically is responsible for, among other things, navigation, keeping watch of the bridge, cargo, stability calculations, being the medical person in charge, and assuming command of the vessel if the master is unable to fulfill his duties. The aforementioned endorsement would also enable **HEBERT** without further examination to eventually obtain an endorsement allowing him to serve as the master of vessels of any tonnage in any waters. The master, also known as the captain, is the officer having command of a vessel. The master is ultimately held responsible for the safety of

4

AUSA _C M_
Defendant _DH_
Defense Counsel _TG_

the crew, vessel, cargo and all aspects of the vessel's operation.

From on or about April 22, 2015, through on or about April 22, 2021, in the Eastern District of Louisiana and elsewhere, **HEBERT**, received and possessed the above-referenced endorsements and an MMC containing said endorsements, knowing that he was not lawfully entitled to them and with the intent to unlawfully use them.

_____ 1/13/22
CHANDRA MENON          Date
Assistant United States Attorney

_____ 1/13/22
THOMAS SHLOSMAN        Date
Counsel for Defendant

_____ 1/13/22
DEVIN HEBERT           Date
Defendant